EDWARD SONIER *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Suffolk.   Nov. 11, 1885. — Jan. 11, 1886.   DEVENS & GARDNER, JJ.,
absent.

In an action against a railroad corporation for personal injuries, the evidence
tended to show that the plaintiff was struck by a train on the defendant's rail-
road, while he was standing upon and near the edge of the platform at a
station on the railroad, with his back to the approaching train, and looking at a
train which he was intending to take by crossing the tracks, and for which he
had bought a ticket; and that a broken step on the side of a car of the train
projected over the platform.  The jury found that the defendant negligently
omitted to ring the bell on the engine, and that this omission caused the accident.
*Held*, that the question whether the plaintiff was using due care was properly
submitted to the jury.

TORT for personal injuries occasioned to the plaintiff, by the
alleged negligence of the defendant.  Trial in the Superior
Court, before *Knowlton*, J., who allowed a bill of exceptions, in
substance as follows :

The plaintiff testified, that, on October 15, 1883, he bought of
the defendant, at Westborough, a ticket entitling him to ride
thence to South Framingham, which he did, arriving there at
about ten minutes before eight o'clock in the morning, coming
to the station on the track on the south side thereof ; that after
alighting from the train he went into the station at South Fra-
mingham and bought a ticket of the Old Colony Railroad Com-
pany, entitling him to be carried by that company from South
Framingham to Southborough ; that the train he expected to
take was to leave South Framingham a few minutes after eight;
that, after buying that ticket, he went out upon the north side
of the station, and saw the train he was to take standing on the
track of the Old Colony Railroad Company, distant about fifty
feet, the engine not being then attached to the cars; that after
he had been for a second or two standing on the platform of the
defendant near its track, waiting for this train to be ready to
start, he was struck by a train on the defendant's road coming
from the east ; that he did not know at the time what struck
him, did not hear the train coming, nor hear any bell ring ; that,
when hit, he was standing with his back toward the direction

whence the train came, and looking across in a northwesterly direction to the place where the other train stood; and that he was standing still when hit, was thrown down, and received the injuries complained of.

Mrs. D. C. Say, a witness called by the plaintiff, testified that she came from Westborough to South Framingham on the same train with the plaintiff, and was standing in the middle of the ladies' waiting-room in the station, looking to see this train come in; that she saw the train approaching from the east, and did not hear any bell ring, and thought the train came in very still; and that no sound was made by it.

Michael Fairbanks, called by the plaintiff, testified, that he came in on the same train with the plaintiff, went over to a hotel on the north side of the track and some distance east of the station, came back to the crossing of the railroad with the highway east of the station just as the train from the east passed along, walked westward to the station, and found on his arrival that the plaintiff had been hurt; that he did not hear any bell ring; and that he noticed after the accident that a step on the baggage car of the train was broken.

Two other witnesses called by the plaintiff testified to seeing the broken step after the accident, and one of them stated that a broken part of the step protruded beyond the side of the car. Neither of them saw the accident, but both saw the plaintiff after it occurred.

The fireman of the train, called by the defendant, testified, that, as he approached, he could see the platform at a distance of three hundred and fifty feet; that he began to ring the bell some distance easterly of the crossing of the railroad and the highway, which crossing was two hundred and fifty feet east of the station, and continued ringing it as the engine passed alongside the station; that, while he was doing so, he saw the plaintiff on the edge of the platform, about ten or fifteen feet from the forward end of the engine, and standing in such a position that he thought the engine would strike him; that thereupon he jumped from his seat, giving the bell an additional pull, and cried out to the engineer, " Whoa up! we 've run over a man! " that, when he jumped from the seat, he lost sight of the plaintiff, and did not see him afterwards; that, as soon as he shouted, the

engineer put on the brakes, and the train stopped, after going a very short distance; and that he had occasion to notice the step of the baggage car when the train stopped at Columbus Avenue station, after leaving Boston, and it was not then broken.

The engineer of the train, called by the defendant, testified that, when the engine came opposite the station, it was running at about six or seven miles per hour, preparations having been made to stop at the station; that the fireman, who sat looking out of the forward window of the cab ringing the bell, suddenly jumped from his seat and gave an alarm cry, whereupon he immediately put on the brakes, and the train stopped after going about thirty or forty feet; that, his position being on the right-hand side, he could not see the platform, but could see the track; that the fireman, being on the left-hand side, could see both track and platform; and that, after he put on the brakes, and before the train stopped, he felt the rear driver of the engine lift, as if it had run over something on the track.

The baggage-master of the train, called by the defendant, testified that the step of the baggage car was not broken when it left Boston.

One Newton, not employed by the defendant, testified, that he saw the plaintiff walking westwardly along the platform; that he turned towards the edge of the platform just before he was struck by the train; that he thought he was struck just where the engine and tender came together; that he helped to pick him up after the train stopped, when he was lying on the track between the forward and rear trucks of the baggage car; that the plaintiff was not looking in the direction whence the train came, either before or when struck; and that the witness was walking eastwardly on the platform, and was thirty or fifty feet west of the place where the plaintiff was struck.

One Plimpton testified, that he was waiting for the train from Boston, and, as it was approaching, saw the plaintiff ten or twelve feet ahead of him walking westerly along the platform, so near the edge of it that he thought he was in danger of being struck; that, as the train came along, the plaintiff paid no attention to it, did not turn around nor look around, and was struck, as he thought, on the back of his shoulder by the iron rail or handle on the forward end of the baggage car, by which people

assist themselves in getting upon or from the car, and was turned around and thrown forward and down upon his hands and knees between the platform and the track, and was then caught by the step and carried under the wheel, and run over.

It was in evidence, that the platform extended to within twenty inches of the outside of the rail; that the cars standing on the track overlap the platform somewhere from one to two inches; that the platform was about nine inches high, and was constructed in the same way, and in substantially the same relation to the track, as all other platforms on the road; and that these cars were of the regular width of all railroad cars for passenger trains.

It was also in evidence, that the train which the plaintiff was intending to take to Southborough was standing, without its engine, at a platform on the track of the Old Colony Railroad Company; and that there was no passenger-house and no ticket-office at South Framingham except the defendant's.

The defendant asked the judge to rule that, on the whole evidence, the verdict must be for the defendant. The judge refused so to rule; and ruled that there was evidence which would warrant the jury in finding a verdict for the plaintiff, and submitted the case to the jury with instructions, which were not objected to otherwise than as being inconsistent with the defendant's request.

The jury returned a verdict for the plaintiff; and found specially that the defendant negligently omitted to ring the bell of the engine, and that this omission caused the accident. The defendant alleged exceptions.

*A. L. Soule*, for the defendant.

*S. J. Thomas & C. P. Sampson*, for the plaintiff.

C. ALLEN, J. It must now be assumed, as found by the jury, that the defendant negligently and improperly failed to give the plaintiff warning of the approaching train; and that this negligence caused the accident. The question remains, however, whether the plaintiff should be precluded from recovering by reason of a failure to show due care on his own part. By the arrangement of the defendant's road, it was necessary for the plaintiff to cross the track in order to reach the train which he was about to take, and for which the defendant had sold him a

ticket. Under these circumstances, he had a right to rely to some extent upon the giving of proper and usual signals of danger, or other suitable warning, in case of the approach of a train; and the mere fact that he did not look to see if a train was approaching is not, under the circumstances, conclusive of a want of due care on his part. *Gaynor* v. *Old Colony & Newport Railway*, 100 Mass. 208, 213. *Chaffee* v. *Boston & Lowell Railroad*, 104 Mass. 108. *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137, 141. There was testimony to the effect that the plaintiff was standing still upon the platform at the moment of the accident. We cannot say that the step was not broken before this time, or that it was not projecting beyond the side of the car, or that the plaintiff was not hit in consequence of such projection. It is not made certain by the testimony that he was on the point of stepping down from the platform upon the track. Certainly he was where he had a right to be, unless, at that particular moment, he was guilty of a want of due care in failing to look out for the train; and, inasmuch as the defendant negligently omitted to give him such due and proper warning as he had a right to expect, the question of his due care, under these circumstances, was properly submitted to the jury.

*Exceptions overruled.*